STATE OF NEW JERSEY, DEFENDANT IN ERROR v. OWEN HUGHES, PLAINTIFF IN ERROR.

Submitted October 17, 1930—Decided May 15, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Clark C. Bowers, Egbert Rosecrans* and *William A. Dolan.*

For the defendant in error, *Sylvester C. Smith, Jr.*

The opinion of the court was delivered by

LLOYD, J. Plaintiff in error was convicted in the Warren County Court of Quarter Sessions on an indictment in two counts; one charging the defendant with having carnal knowledge of his daughter, Catherine Hughes, on the 10th of December, 1925, and the other with making an infamous proposal with intent to commit fornication with her. The case is here on assignments of error and under the one hundred and thirty-sixth section of the Criminal Procedure act.

On this review it is contended that there was error in the rulings on the admission and rejection of evidence, in the refusal to direct a verdict of acquittal, in the instructions to the jury, and in the denial of a request for charge; also that the verdict was against the weight of the evidence.

Our examination of the rulings on evidence satisfies us that these rulings were not harmful to the plaintiff in error and that they call for no special comment.

The portion of the charge which is urgently pressed upon us as ground for reversal reads as follows:

"I might say to you in the beginning in order to make clear to you in reference to the date alleged in the indictment of the commission of the offense, the state is not bound to prove that particular day, if you are satisfied from the evidence brought before you that the crime was committed at any time within two years prior to the date alleged they have accepted the burden passed upon them."

As a statement of the law it is quite clear that the instruction was inaccurate. It is equally clear, we think, that as applied to the facts of the case the plaintiff in error was in nowise prejudiced thereby in maintaining his defense upon the merits, and this for the reason that there was in the case no proof that any illicit intercourse took place between the father and daughter at an earlier date than two years prior to the finding of the indictment, and the charge therefore must of necessity have been accepted by the jury as applicable to and within the limitations of the case as presented.

It was clearly proved that intercourse took place as a result of which the girl became pregnant in June, 1926, and she said there were other occasions prior thereto but she could not tell whether in 1924 or 1925. There was in this no proof of an offense in 1924. No conviction could be had of an offense on such date on proofs of this character, and the absolute denial of the defendant (uncontradicted in this respect) established that intercourse did not take place at a time antedating the finding of the indictment beyond the statutory period of two years. In addition it appeared that the father had the daughter examined by a physician in July, 1925, and that even at that date there was nothing wrong with her. The jury was sworn to try the case according to the evidence, and it is to be presumed that the oath was respected. There being no proof of intercourse prior to the two years antedating the presentment of the indictment, the jury could make no such finding, the instruction complained of could not have been understood as authorizing a conviction of an offense of which there was no proof. As was stated by Mr.

Justice Garrison, speaking for the Court of Errors and Appeals, in the case of *State* v. *Rombolo,* 91 *N. J. L.* 560, 563, "the correctness of an instruction to a jury is to be tested by its practical application to the facts of the case in hand and not by its abstract inerrancy."

The request for instruction which was refused by the court was predicated on a false assumption of fact and was properly denied.

At the conclusion of the proofs counsel for the defendant moved the court to direct a verdict (presumably acquittal although not so stated) on the ground that force was employed and consent was not obtained. The motion was denied and this ruling is complained of as error.

The forty-sixth section of the Crimes act of 1898 (*Comp. Stat., p.* 1760), declares that "every parent who shall be guilty of incest, fornication, adultery or open lewdness with, or any act of indecency towards, or tending to debauch the morals and manners of any child or children of such parent; and any parent who shall make any infamous proposal to any child or children of his own flesh and blood, with intent to commit adultery or fornication with such child, shall be guilty of a high misdemeanor."

There were, as stated, two counts upon which the defendant was convicted, one charging that he did commit fornication with his daughter and then and there had carnal knowledge of her; the other that he made an infamous proposal to his daughter with intent to commit fornication with her. While there is a variance in some jurisdictions as to the necessity for the element of consent in the crime of incest, we think the weight of authority is to the contrary (31 *Corp. Jur.* 378, § 15, and cases there cited) and that conviction could be had under the first count of the indictment even though force were used. It is the unnatural act that is sought to be reached by the statute; whether that act shall be with or without the consent of the child (presumably subject to the domination of the parent), would seem to be beside the question. Be this as it may, however, with respect to the first count we think there was evidence from which the jury might have found the

defendant guilty under the second count. There was evidence of the forbidden proposal in advance of the actual commission of the offense.

The last contention is that the verdict is against the weight of the evidence. While no witnesses other than the daughter and the father testified respecting the vital facts of the case, much helpful proof was taken on behalf of the state and on behalf of the defendant from which we think it became fairly a question for the jury to determine the question of guilt or innocence. When the daughter became pregnant she wrote her father a letter charging him with responsibility for her condition. The defendant's action on the receipt of this letter and his equivocal statements later on to the prosecutor of the county, have an important bearing on the credit to be given his denial of guilt by the jury. Tested by the rule that the jury's finding must have been so at variance with the legitimate conclusions to be reached from the evidence as to imply improper motives, we think this reason like the others must be held insufficient.

The judgment is affirmed.